UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-9667 PA (KSx) | Date | October 27, 2020 |
|---|---|---|---|
| Title | Celine Cohan et al. v. Mercedes-Benz USA, LLC, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Gabriela Garcia | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

The Court is in receipt of a Notice of Removal filed by defendant Mercedes-Benz USA, LLC ("Defendant"). (Dkt. 1 ("Removal").) The Notice of Removal alleges that the Court possesses diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332. (Id. at ¶5.)

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004) (citing Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988)). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

Jurisdiction may be based on complete diversity of citizenship, requiring all plaintiffs to have a different citizenship from all defendants and for the amount in controversy to exceed $75,000.00. See 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).

Regarding plaintiff Celine Cohan, the Notice of Removal states that: "Plaintiff[], at the time this action was commenced, [was] and still [is] [a] citizen[] of the County of Los Angeles, State of California as established by the relevant portions of the Lease Agreement (DYC Decl. ¶2; Exh. A.) . . . Plaintiff[] listed a Los Angeles County address on the Lease Agreement (Id.) Plaintiff Celine Cohan currently holds a California driver's license. (Id.) Plaintiff Celine Cohan

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-9667 PA (KSx) | | Date | October 27, 2020 |
|---|---|---|---|---|
| Title | Celine Cohan et al. v. Mercedes-Benz USA, LLC, et al. | | | |

also registered the vehicle that is the subject of this action (2019 Mercedes-Benz C300W4, VIN 55SWF4KB8FU004028), in the State of California." (Removal ¶11.) Although Cohan "listed a Los Angeles County address on the Lease Agreement," this is insufficient to establish Plaintiff's current place of domicile because the agreement was executed over five years ago. (Id. at Ex. A at 2.)  In addition, although Defendant alleges "Plaintiff Celine Cohan currently holds a California driver's license," it appears that the license expired in March 2019. (Id. at Ex. A at 7.)  The Complaint does not apparently allege that Plaintiff is currently domiciled in California. Without more, Defendant has not adequately alleged the citizenship of plaintiff Celine Cohan. See Kanter, 265 F.3d at 857 ("Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties.").

     The Court concludes that Defendant has not met the burden of showing this Court has subject matter jurisdiction over the plaintiffs' claims.  This action is therefore remanded to the Superior Court of California for the County of Los Angeles, Case No. 20STCV35171, for lack of subject matter jurisdiction.  See 28 U.S.C. § 1447(c).

     IT IS SO ORDERED.